**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**MATTHEW JACK,**

**Plaintiff,**

**v.** **CASE NO:**

**AMAZON.COM SERVICES, LLC,**

**Defendant.**

_______________________________________/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MATTHEW JACK, (hereinafter "Plaintiff" or "Mr. Jack"), a Florida resident, by and through the undersigned counsel, hereby sues Defendant, AMAZON.COM SERVICES, LLC (hereinafter "Defendant," "Amazon," or "Company") and alleges:

## INTRODUCTION

1. The Plaintiff brings this action against Defendant, his former employer, seeking to recover damages for unlawful discrimination based on disability and retaliation in violation of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101 et seq.

2. As further set forth below, Plaintiff alleges that Defendant unlawfully discriminated against him, altered the terms, conditions, and

privileges of his employment because of his disability, failed to accommodate his disability, and retaliated against him in violation of his rights under the ADA.

3. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered actual damages: loss of income, loss of opportunity for future income, loss of benefits, and loss of future pay increases. In addition, he has suffered and continues to suffer loss of his professional and personal reputation, emotional distress, mental anguish, embarrassment, and humiliation.

4. Plaintiff has incurred costs and attorney's fees in bringing this matter.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000e-5.

6. This Court has jurisdiction to grant declaratory relief, declare the rights and legal relations of the parties, and order further relief pursuant to 28 U.S.C. §§ 2201 and 2202.

7. Venue is proper in the United States District Court for the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. §§

1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims herein occurred within this District and Division and pursuant to 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices out of which Plaintiff's claims herein arise were committed within this District and Division. All facts and circumstances arising from this dispute took place in Hillsborough County, Florida.

**PARTIES**

8. Plaintiff is MATTHEW JACK, a 31-year-old male who has been diagnosed with anxiety and depression, mental health conditions that substantially limit one or more major life activities and require ongoing psychiatric care and medication. Plaintiff resides in Wesley Chapel, Florida.

9. Plaintiff is a member of a class protected against discrimination and retaliation based on his disability under the ADA.

10. During the period from December 26, 2021, until April 22, 2026, Defendant employed Plaintiff as a Packer/Picker at its facility located at 8727 Harney Road, Temple Terrace, Florida 33637.

11. At all times material herein, Plaintiff met the definitions of "employee" and "eligible employee" under all applicable federal statutes.

12. At all times material herein, Plaintiff was an employee entitled

to protection as defined by the ADA.

13. The Defendant, AMAZON.COM SERVICES, LLC, is a limited liability company that regularly conducts business in the State of Florida, including at the facility where Plaintiff worked, located at 8727 Harney Road, Temple Terrace, Florida 33637.

14. At all times material herein, Defendant regularly conducted, and continues to conduct, business throughout Hillsborough County, Florida, and employed more than 500 employees.

15. At all times material herein, Defendant met, and continues to meet, the definitions of "employer" under all applicable federal statutes including, but not limited to, the ADA.

16. Accordingly, Defendant is liable under the ADA for the unlawful discrimination and retaliation to which it subjected Plaintiff.

**ADMINISTRATIVE PREREQUISITES**

17. Plaintiff has properly exhausted all administrative prerequisites prior to filing the instant lawsuit.

18. On June 4, 2026, Plaintiff timely dual filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations

("FCHR") against Defendant alleging, among other things, disability discrimination and retaliation.

19. On June 6, 2026, the EEOC issued Plaintiff a Determination and Notice of Rights in reference to his Charge of Discrimination (EEOC Charge No. 511-2026-03024) against Defendant.

20. This action is being filed within ninety (90) days of Plaintiff's receipt of the Notice of Right to Sue from the EEOC.

21. All conditions precedent to bringing this action have been performed or have occurred.

## GENERAL ALLEGATIONS

22. Plaintiff suffers from anxiety and depression, mental health conditions that substantially limit one or more major life activities, including concentrating, thinking, interacting with others, and working.

23. Plaintiff's conditions require ongoing medical management, including psychiatric care and prescription medication.

24. On December 26, 2021, Plaintiff began his employment with Defendant as a Packer/Picker at Defendant's facility in Temple Terrace, Florida. During his employment, Plaintiff also performed duties as a water spider and jam clearer.

25. Throughout his employment, Plaintiff performed his job duties satisfactorily. Plaintiff received no negative performance evaluations, reprimands, or disciplinary actions prior to the events described herein.

26. Beginning in or around October 2025, Plaintiff was subjected to harassment by coworkers, including comments mocking and making fun of his mental health.

27. Plaintiff complained to Defendant's Human Resources department about the harassment he was experiencing from his coworkers.

28. Rather than addressing Plaintiff's complaints, Human Resources threatened Plaintiff that reporting coworkers for harassment would result in his being fired.

29. On or about April 15, 2026, Plaintiff was sent home from work.

30. On April 16, 2026, Plaintiff's coworkers made false statements regarding his behavior and concluded that he may have been under the influence of an illegal substance.

31. Because of his coworkers' accusations, Plaintiff was called to Human Resources and was suspended pending an investigation by Defendant.

32. On April 21, 2026, Plaintiff requested a leave of absence and

informed Defendant that he was seeking psychiatric care for his disability.

33. On April 21, 2026, at approximately 11:00 a.m., Plaintiff informed David, a representative of Defendant's Human Resources department, that he was seeking help for his mental health. David did not care and was unresponsive to Plaintiff's disclosure and request.

34. On April 22, 2026, Defendant issued Plaintiff a termination letter citing an alleged violation of company policy.

35. Plaintiff provided a rebuttal in support of his appeal of the termination; however, Defendant upheld the termination.

36. Defendant informed Plaintiff that he would be eligible for rehire after ninety (90) days.

37. Plaintiff asked Defendant whether he could resign rather than be terminated, and Defendant refused to allow him to resign.

38. Defendant terminated Plaintiff's employment shortly after Plaintiff disclosed his disability, requested a leave of absence, and sought psychiatric care, and after Plaintiff complained about harassment in the workplace.

39. Defendant's stated reason for Plaintiff's termination was false and pretextual.

40. As a result of his termination, Plaintiff lost his employment benefits, including his medical and vision insurance coverage, which were essential for his ongoing medical treatment.

41. At all times relevant herein, Plaintiff was a qualified individual with a disability who could perform the essential functions of his position, with or without reasonable accommodation.

42. As a direct and proximate result of Defendant's discriminatory and retaliatory conduct, Plaintiff has suffered lost wages, lost benefits, and severe emotional distress, mental anguish, anxiety, and depression, together with humiliation and damage to his professional reputation.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
## Disability Discrimination / Failure to Accommodate
## 42 U.S.C. §§ 12101-12213

43. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 42 as though fully set forth herein.

44. At all times material, Defendant was an employer within the meaning of the ADA.

45. At all times material, Defendant employed Plaintiff as a Packer/Picker.

46. Plaintiff suffers from anxiety and depression, which constitute a disability within the meaning of the ADA because they substantially limit one or more major life activities.

47. At all times material, Plaintiff was a qualified individual with a disability who could perform the essential functions of his position, with or without reasonable accommodation.

48. Defendant knew of Plaintiff's disability, including because Plaintiff disclosed his mental health condition to Defendant's Human Resources department and informed Defendant that he was seeking psychiatric care.

49. On or about April 21, 2026, Plaintiff requested a reasonable accommodation, including a leave of absence, for his disability.

50. Defendant failed to engage in the interactive process required under the ADA and failed to provide Plaintiff with a reasonable accommodation for his disability.

51. Instead of accommodating Plaintiff or evaluating available accommodations, Defendant terminated Plaintiff's employment on April 22, 2026, one day after Plaintiff disclosed his disability and requested a leave of absence.

52. Defendant discriminated against Plaintiff because of his disability by subjecting him to adverse terms and conditions of employment, by failing to provide a reasonable accommodation, and by terminating his employment.

53. Defendant's stated reason for Plaintiff's termination was false and pretextual.

54. As a direct and proximate result of Defendant's discriminatory conduct and failure to accommodate, Plaintiff has suffered damages, including lost wages, lost benefits, lost earning capacity, emotional distress, mental anguish, humiliation, loss of dignity, and other pecuniary and non-pecuniary losses.

**WHEREFORE**, Plaintiff demands judgment against Defendant for declaratory relief, back pay, front pay or reinstatement as appropriate, compensatory damages, pre-judgment and post-judgment interest, attorneys' fees, costs, and all further relief the Court deems just and proper.

**COUNT II**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**
**Retaliation**
**42 U.S.C. § 12203**

55. Plaintiff re-alleges and incorporates by reference paragraphs 1

through 42 as though fully set forth herein.

56. At all times material, Defendant was an employer within the meaning of the ADA.

57. Plaintiff engaged in protected activity under the ADA by disclosing his disability, requesting a reasonable accommodation and a leave of absence for his disability, seeking psychiatric care, and complaining about disability-based harassment in the workplace.

58. Defendant knew Plaintiff had engaged in protected activity.

59. After Plaintiff engaged in protected activity, Defendant subjected Plaintiff to materially adverse action, including by suspending Plaintiff, refusing to allow him to resign, and terminating his employment on April 22, 2026.

60. The close temporal proximity between Plaintiff's protected activity and his termination, together with the surrounding circumstances alleged in this Complaint, supports a causal connection between the two.

61. Defendant's actions would dissuade a reasonable employee from requesting an accommodation or opposing disability discrimination.

62. Defendant's stated reason for Plaintiff's termination was false and pretextual.

63. Defendant's conduct constituted unlawful retaliation in violation of the ADA.

64. As a direct and proximate result of Defendant's retaliatory conduct, Plaintiff has suffered damages, including lost wages, lost benefits, lost earning capacity, emotional distress, mental anguish, humiliation, loss of dignity, and other pecuniary and non-pecuniary losses.

**WHEREFORE**, Plaintiff demands judgment against Defendant for declaratory relief, back pay, front pay or reinstatement as appropriate, compensatory damages, pre-judgment and post-judgment interest, attorneys' fees, costs, and all further relief the Court deems just and proper.

**DEMAND FOR TRIAL BY JURY**

Plaintiff respectfully requests a trial by jury.

Date this 4th day of September 2026.

*/s/ Jason W. Imler, Esq.*
Jason W. Imler
Florida Bar No. 1004422
Alberto "Tito" Gonzalez
Florida Bar No. 1037033
**Imler Law**
23110 State Road 54, Unit 407
Lutz, Florida 33549
(P): 813-553-7709
Jason@ImlerLaw.com
Tito@ImlerLaw.com

Ashley@ImlerLaw.com
Tiffany@ImlerLaw.com